## In re Southland Furniture Co.

(No. B67-1223—Decided July 25, 1968.)

United States District Court, Northern District of Ohio, Eastern Division.

*Mr. William B. Saxbe,* attorney general, *Mr. Maurice Sayre, Mr. Maurice Weltman* and *Mr. Thomas S. Moulton,* claims division.

*Messrs. Jappe & Neuger,* for state of Ohio.

### Preliminary Statement

Gnau, Referee in Bankruptcy. This case was filed under Chapter XI of the Bankruptcy Act on February 24, 1967. The debtor was adjudicated a bankrupt on July 18, 1967, because of its failure to obtain creditor-approval of its proposed arrangement under Chapter XI.

The controversy here considered, arises out of the trustee's objection to claims of the Sales Tax Division of the Department of Taxation of the state of Ohio totalling $2,768.68.

It is undisputed that $1,835.26 of this total is tax on sales to customers who paid this amount of tax to the bankrupt, who failed to pay it over to the state of Ohio and that $933.42 of this total is tax on sales which were made by the bankrupt to customers who did not pay the sales tax to the bankrupt.

It is undisputed that the total tax involved applies to periods more than three years prior to bankruptcy.

It is also undisputed that the sales tax returns required by law were made by the bankrupt for the periods in which the tax is claimed.

## Discussion and Conclusion

A determination of the questions here presented revolves upon the interpretation of Sec. 17a (1) of the Bankruptcy Act, as amended effective October 3, 1966.

Some of the apparent ambiguities in this section are more apparent than real. When the punctuation is carefully examined, it is apparent that Congress intended that a discharge in bankruptcy should not release any taxes due and owing within the three years before the bankruptcy and also should not release certain additional taxes described in subsections (a), (b), (c), (d), and (e).

Subsections (a), (b), and (c) each apply to cases where the bankrupt has filed no tax return and none of them applies here because tax returns *were* filed in each instance.

The testimony of Clarence Arnosk, auditor of the Sales Tax Division of Ohio, that the audit of the bankrupt's books reflected "improper accounting" cannot be construed as proof of false or fraudulent returns indicating a willful attempt on the part of the bankrupt to evade or defeat the sales tax, within the intendment of subsection (d). The court finds that the evidence introduced by the state of Ohio has failed to support its claim in this respect.

We do not believe that the language of Sec. 17a (1)(e) is broad enough to cover the claim of $933.42, which is based upon sales which were made by the bankrupt to customers who did *not* pay the sales tax to the bankrupt. The objection of the trustee to this claim of $933.42 is therefore sustained.

The remaining claim of the state of Ohio which requires consideration is whether or not its sales tax claim for $1,835.26 is released from the effect of the discharge because of the provisions of subsection (e) which recites:

"which the bankrupt has collected or withheld from others as required by the laws of the United States or any

State or political subdivision thereof, but **has not paid over**; * * *"

It is to be remembered that the bankrupt collected $1,835.26 from customers as Ohio Sales Tax and failed to pay this amount over to the state of Ohio.

The trustee's brief seems to assume that Congress intended this amendment to apply only to income and social security taxes withheld by the employer from employees' wages. There is nothing in the language of the amendment that justifies this assumption. The manifest intention of Congress, revealed by the various congressional subcommittee reports, was to provide relief to bankrupts from the weight of taxes "of the United States or any State or political subdivision thereof" which were more than three years old and in situations where (a), (b), (c), (d), or (e) did not apply. This manifest legislative intent is revealed by the unambiguous language employed in the amendment.

Whatever ambiguities may reside in the phrases "legally due and owing" and "tax lien" contained in the amendment to Sec. 17a (1) have not permeated the other language of the amendment to a degree that requires or justifies judicial construction or interpretation of the *un*ambiguous language.

The claim for sales taxes amounting to $1,835.26 collected by the bankrupt and not turned over to the state of Ohio is not released by the bankrupt's discharge. The objection of the trustee to that portion of the claim is overruled.

The Attorney General of Ohio will cause a journal entry reflecting this opinion to be prepared and submit it to counsel for the trustee before submitting it to the court for approval.

Exceptions shall be reserved to each party.